EASTERN DIST.
*December*, 1831.
──────────
RICHARDSON
*vs.*
PERILLAT'S
EXECUTORS.

─────────────────

## RICHARDSON *vs.* PERILLAT'S EXECUTORS.

### APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

Whether a plaintiff can be re-convened for a tresspass committed by his vendor.—*Quere.*

The vendor of the plaintiff, erected a partition wall, between himself and the defendants' testator, and this suit was brought to recover half its value. The defendants pleaded the general issue, and set up a claim in reconvention for the value of an old wall which had been demolished. The evidence showed that the old wall (which was wholly on the testator's lot) was decomposed by fire, and insufficient to form the foundation of a building. Whereupon the plaintiff's vendor caused it to be destroyed, without the consent or knowledge of the testator. On the trial no proof was offered of its value and from a judgment in favor of the plaintiff, the defendants appealed.

*Cannon*, for the appellants.

*Peirce*, for the appellee.

*Martin, J.* delivered the opinion of the court.

The plaintiff claims the one-half of the value of a partition
wall, built by his vendor, one half upon his own ground and the other on the defendants' testator, the wall having been used and built upon by the latter.

The general issue was pleaded, and one hundred dollars were claimed in re-convention by the executors, for the price of a wall, the property of the testator, which the plaintiff pulled down.

There was judgment for the plaintiff, and a judgment of non-suit on the defendant's claim in re-convention ; the court being of opinion, there was no proof of the value of the demolished wall, and expressing a doubt as to the defendants' right of recovery upon a trespass committed by the plaintiff's vendor.

The defendants appealed.

We think the first judge did not err, had the appellee prayed to have the judgment final, we would have considered whether the claim against him could be sustained, and whether a judgment of non-suit be proper in such circumstances.

·It is, therefore, ordered, adjudged and deccred, that the judgment be affirmed with costs.